The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for the deletion of former Conclusion of Law Number 1.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. Medical records submitted from Drs. Baumrucker, Heffington, Silver, Oster, Lewis and Angel Rehabilitation Center.
2. The depositions of Drs. Silver and Baumrucker, taken on July 11, 1997 and September 5, 1997, respectively.
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. The parties stipulated to the jurisdictional requirements pursuant to the North Carolina Workers' Compensation Act.
2. Plaintiff was employed by the Defendant-employer, Highlands Construction, Inc., at an average weekly wage of $300.00, and had been so employed for one and one half week as of August 22, 1994.
3. On August 22, 1994, the Plaintiff began experiencing pain in his lower back. He reported to his supervisor, Mr. Roger Wolfery, that his back was hurting. He attributed his back pain to an automobile accident in which he was involved some ten years earlier.
4. Plaintiff also told Mr. Burt McCall, owner, that his back was hurting, and attributed it to the automobile accident, stating he had flare-ups of this pain ever since the injury.
5. Plaintiff sought treatment for his back from Dr. Baumrucker on August 23, 1994. Dr. Baumrucker's history of the injury indicates the Plaintiff had onset of pain on August 22, 1994. The history further states the Plaintiff denied any recent trauma, and he worked as a carpenter with no known heavy lifting.
6. Plaintiff told his supervisor he needed to leave work early to go to Dr. Baumrucker's office to get treatment for his back. He did not indicate that the back condition was related to any incident or accident at work. In fact, plaintiff told Mr. McCall that it was nothing that concerned him.
7. Plaintiff paid for the first two doctor visits to Dr. Baumrucker out of his own pocket, and did not report to the doctor that this injury was subject to workers' compensation.
8. After learning of the necessity for a CT scan on his back, Plaintiff began to have his doctors' offices submit the bills as workers' compensation. He still did not report any work related injury to Defendant-employer.
9. Dr. Baumrucker referred Plaintiff to Dr. Silver, a neurosurgeon at Mountain Neurological Clinic in Asheville, North Carolina. Dr. Silver diagnosed the Plaintiff with a herniated disc at L4-5, and a mild disc protrusion at L5-S1. The doctor operated on these two areas, and continued to treat Plaintiff until March 21, 1995. At that time, Plaintiff was scheduled for a follow-up appointment on April 19, 1995. However, Plaintiff failed to keep that appointment, and did not return until April 4, 1996, approximately a year later.
10. When Plaintiff returned to Dr. Silver in April of 1996, he complained of lower back pain, and stated he had been doing heavy lifting and bending in his new job duties causing him trouble in approximately February of 1996.
11. The condition for which plaintiff sought treatment beginning August 23, 1994, had resolved prior to his return to Dr. Silver in April of 1996, and any condition for which he was treated from April 1996 has been attributed to his heavy lifting and bending requirements of his landscaping work.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Since the history that Plaintiff subsequently gave concerning the circumstances surrounding his back pain, which was contradicted by the other witnesses, is not accepted by the undersigned, the undersigned giving more weight to the testimony of Defendants' witnesses that Plaintiff neither suffered a specific traumatic incident, nor reported any such incident prior to his becoming aware of the need for surgery, Plaintiff did not carry his burden of proving that a compensable injury occurred.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of October 1998.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN JR., CHAIRMAN
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER